# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) |
| | ) |
| JOHN BELL HOOD LIMITED PARTNERSHIP, | ) CASE NO. 304-08137 |
| | ) CHAPTER 11 |
| | ) JUDGE HARRISON |
| Debtor. | ) |
| | ) |
| | ) |
| JOHN BELL HOOD LIMITED PARTNERSHIP, | ) ADV. NO. 304-0652A |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DONALD A. TANGWALL, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter came before the Court on April 12, 2005, upon the Debtor's motion for summary judgment on its complaint for accounting and turnover for funds. Based on the pleadings and the arguments of the parties, the Court finds that the motion for summary judgment should be granted.

## I. UNDISPUTED MATERIAL FACTS

The pleadings and sworn testimony offered in support of the motion for summary judgment show that the following facts are undisputed:

1. The Plaintiff is the debtor-in-possession in this Chapter 11 bankruptcy case, having filed its voluntary Chapter 11 petition on July 6, 2004, which case is pending in the Bankruptcy Court for the Middle District of Tennessee.

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. §157 (b)(2)(E). The statutory predicate for the relief requested herein is § 542 of the Bankruptcy Code and the process is governed by Rule 7054 of the Federal Rules of Bankruptcy Procedure.

4. Group Headquarters, Inc. (hereinafter "GHI"), is the General Partner of the Debtor.

5. In April of 2004, the Defendant, holding himself out as the President of the Debtor's General Partner, GHI, entered into a contract for the sale of real property owned by the Debtor located at Highway 412 and Interstate 65 in Maury County, Tennessee (hereinafter "I-65 Property") to Cumberland Materials, Inc., for a gross sales price of $2,800,000.00.

6. The Defendant, in some capacity, executed a General Warranty Deed transferring the I-65 Property to Cumberland Materials, Inc., on April 7, 2004.

7. After payment of existing liens against the I-65 Property and applicable closing costs, cash proceeds in the amount of $517,749.30 were payable to the Debtor.

8. The sales proceeds from the sale of the I-65 Property were delivered to the Debtor via check and that these funds were deposited into an account for the Debtor.

9. Defendant is the trustee of the Saratoga Trust.

10. At all times since April 7, 2004, the Defendant, in some capacity, has been in possession, custody, or control of the proceeds from the sale of the I-65 Property.

11. The Debtor made a demand upon the Defendant for an accounting and turnover of the proceeds from the sale of the I-65 Property. The Defendant has failed to relinquish control of the proceeds to the Debtor.

12. The proceeds from the sale of the I-65 Property are property of the Debtor's bankruptcy estate.

13. From the $517,749.30 in proceeds from the sale of the debtor's property, the Defendant personally kept $515,000 as his trustee fee.

## II. SUMMARY JUDGMENT STANDARDS

Federal Rule of Civil Procedure 56(c), as incorporated by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and/or discovery materials which demonstrate that there is no genuine disputed issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). Once the moving party meets that initial burden, the burden is shifted to the nonmoving party to go beyond the pleadings and by affidavits, depositions, answers to interrogatories, and/or admissions, designate specific facts showing that a genuine issue of fact does remain for trial.

3-U.S. Bankruptcy Court, M.D. Tenn.

Case 3:04-ap-00652    Doc 51    Filed 06/15/05    Entered 06/15/05 14:16:55    Desc Main
Document    Page 3 of 7

*Id.; see also Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990) (nonmoving party "must show sufficient evidence to create a genuine issue of material fact" to prevail).

### III. DISCUSSION

The Debtor asserts that the I-65 Property was sold on behalf of the Debtor and that the Defendant kept the proceeds for himself. Accordingly, the Debtor is seeking an accounting of the proceeds from the sale of the I-65 Property, and the turnover of the cash proceeds of $517,749.30.

11 U.S.C. § 542(a) provides that any entity, other than a custodian, that is in possession, custody, or control of estate property during the case, must deliver it and account for it to the trustee or the debtor-in-possession subject to 11 U.S.C. §§ 363 and 522 unless the property is of inconsequential value or benefit to the estate. In other words, for the Debtor to be entitled to summary judgment on the complaint for turnover, it must show that there are no material disputes of fact as to the property being the property of the bankruptcy estate, the Defendant having possession, custody, or control of the property, and the property being of consequential value and benefit to the estate. The Court finds that the pleadings, including the transcripts of the Defendant's deposition in District Court and of the Defendant's previous testimony in this Court, as well as the relevant documents, reflect that there is no material facts in dispute.

As to the first element, pursuant to 11 U.S.C. § 541(a)(1), property of the bankruptcy estate is "all legal or equitable interests of the Debtor in property as of the commencement of the case." Only property in which a debtor has a legal or equitable interest may be property of the estate, and although the definition of estate property contained in 11 U.S.C. § 541 is meant to be expansive, it is not meant "to enhance the nature or extent of the debtor's interest in property as that interest exists at the time a bankruptcy petition is filed." *Anderson County Bank v. Newton (In re All Chem. Isotope Enrichment, Inc.)*, 127 B.R. 829, 837 (Bankr. E.D. Tenn. 1991) (citation omitted).

There is no dispute that the Debtor owned the real property sold by the Defendant. The Defendant has not disputed this material fact. Moreover, at the hearing on the Debtor's motion for a preliminary injunction, held on November 4, 2004, the Defendant testified that there was no dispute that the Debtor owned the real property at the time of the conveyance. This is further supported by the warranty deed executed by the Defendant, which states that the Debtor is the grantor, presenting, selling, transferring, and conveying the property to Cumberland Materials, Inc., the grantee.

Under Tennessee law, an enforceable contract for the sale of real property operates as an equitable conversion. *Walker v. Elam (In re Fowler)*, 201 B.R. 771, 776 (Bankr. E.D. Tenn. 1996) (citations omitted); *In re Latham*, 317 B.R. 733 (Bankr. E.D. Tenn. 2004)

(citations omitted). In other words, "[t]he owner's interest becomes personal property -- the right to payment of the purchase price -- and the buyer is treated as the owner of the real property." *In re Bumpass*, 196 B.R. 780, 783 (Bankr. E.D. Tenn. 1996) (citations omitted).

Here, Defendant previously testified that a check from the sale, in the amount of $517,749.30, was made payable to the Debtor, further supporting the finding that the proceeds from the pre-petition sale were property of the Debtor's bankruptcy estate. Accordingly, the Court finds that the proceeds from the pre-petition sale of the Debtor's real property is property of the bankruptcy estate.[1]

Second, based on the pleadings presented by the Debtor, there is no question that the Defendant, in some capacity, has control and possession of these proceeds. In particular, at a deposition held in District Court on February 23, 2005, the Defendant confirmed that the check from the sale of real property had been made out to the Debtor but that he, the Defendant, physically received the check. The Defendant further testified that he deposited the check into a bank account on behalf of Saratoga Trust, of which the Defendant is the trustee. From these proceeds which the Defendant deposited into a bank account, the Defendant paid himself $515,000, as his fee as trustee, and transferred those funds to his personal bank account. The Defendant's testimony at the deposition is further supported by

---

[1] The Defendant did not present any documents, transcripts, or affidavits to support his argument that the proceeds from the sale are the property of Saratoga Trust.

6-U.S. Bankruptcy Court, M.D. Tenn.

his previous testimony at the hearing on the Debtor's motion for a preliminary injunction, held on November 4, 2004. Based on the pleadings, the Court finds that there is no material facts in dispute as to this element. The Defendant, while less than straightforward in his testimony, has possession, custody, and control of the property.

As to the final element of turnover, there is no question that the proceeds from the sale, in the amount of $517,749.30, are of consequential value and would greatly benefit the Debtor's bankruptcy estate.

## IV. CONCLUSION

For the reasons stated above, the Court finds that the Debtor's motion for summary judgment should be granted and that the Defendant should be ordered to account for and turnover the cash proceeds in question.

An appropriate order will enter.

MARIAN F. HARRISON
UNITED STATES BANKRUPTCY JUDGE